UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE STATE OF TEXAS § § § v. § CIVIL ACTION NO.: 4:20-cv-4356 § ONE 1989 N323AA BRITISH § JURY TRIAL DEMANDED AEROSPACE BAE 125 SERIES 800A, § SN 258155, HAWKER AND ALL LOGS § CERTIFICATES, RECORDS AND § BOOKS AS LISTED IN PLAINTIFF'S § NOTICE OF SEIZURE § | |

## NOTICE OF REMOVAL

Respondent **E.D. SANTOS AND ASSOCIATES, LLC** (hereinafter "Respondent") **OWNER-TRUSTEE OF THE ONE 1989 N323AA BRITISH AEROSPACE BAE 125 SERIES 800A, SN 258155, HAWKER AND ALL LOGS, CERTIFICATES AND BOOKS AS LISTED IN PLAINTIFF'S NOTICE OF SEIZURE** (the "Aircraft") files this its Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this Notice, Respondent states as follows:

### SUMMARY

1. The State of Texas filed this action on November 24, 2020, in the 133rd Judicial District Court, Harris County, Texas in Cause No. 2020-75789, styled *The State of Texas vs. One 1989 N323AA British Aerospace BAE 125 Series 800A, SN 258155, Hawker and All Logs, Certificates and Books as Listed in Plaintiff's Notice of Seizure* (the "State Court Action"). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Respondent removes this case to the United States District Court for the Southern District of Texas, Houston Division, the Judicial District and Division in which this action is pending.

2. The allegations in the State of Texas's Notice of Seizure and Intended Forfeiture

(the "Notice") relate to the seizure of the Aircraft, which was located at the Wilson Air Center at William P. Hobby Airport, in Houston, Harris County, Texas, on October 26, 2020. The State alleges, erroneously and without any credible or legitimate supporting evidence, that the Aircraft is somehow "contraband", and is therefore subject to forfeiture[1]. Prior to the Aircraft being seized by the State on October 26, 2020, the Aircraft was illicitly and improperly detained by the Office of Export Enforcement, Bureau of Industry and Security, U.S. Department of Commerce on September 4, 2020, without any supporting affidavit or sworn testimony so much as beginning to satisfy the probable cause requirements set forth in the Fourth Amendment of the United State Constitution.

3. Pursuant to Local Rule 81, all information required for filing at the time of removal is attached hereto and compiled within **Exhibits A – F.**

4. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) because this notice is being filed within thirty (30) days of service. 28 U.S.C. § 1446(b)(2).

5. Unserved co-respondents and/or defendants need not join in or consent to the removal. Therefore, consent to removal of the action is unnecessary as the co-respondents named in the State Court Action have not been properly joined and served with state-court process.

### BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

6. Because this cause of action arises under the laws of the United States, this Court

---

[1] The gravamen of the State's complaint, as supported by the affidavit of Beau Price, is that the Aircraft cannot be owned by a citizen of Mexico in a trust arrangement, or that documents reflecting the exportation of the Aircraft should have been filed in association with such ownership. Non-U.S. citizens have been able to own aircraft on the United States registry as maintained by the Federal Aviation Administration (the "FAA") for many decades, through appropriate trust arrangements, exactly the case here, and the Aircraft was not being permanently exported from the United States, instead being maintained on the United States Registry, demonstrating a striking and fatal misunderstanding by the State and by Mr. Price as to matters historically within the sole province of the FAA. The Price affidavit is devoid of personal knowledge of factual information that could begin to legitimize the detention and confiscation of the Aircraft, being wholly devoid of legitimate probable cause.

has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action arises under and presents substantial questions of federal law arising directly from allegations contained within the Affidavit of Beau Price, which is attached to the State's Notice of Seizure and Intended Forfeiture. *See* Exhibit B-1. Furthermore, Mr. Price speculatively concludes that the facts set forth in his Affidavit support probable cause findings regarding the following allegations:

- ". . . [The Aircraft] was going to be initially detained based on suspected violations of the Export Administration Regulations and further seized under Chapter 59 of the Texas Code of Criminal Procedure . . ."
- ". . . Chronos Airways SA DE CV is a completely foreign owned company of Mexico in violation of state and federal statutes."
- ". . . neither Guillermo "Memo" Calderon nor the Chronos Airways SA DE CV Trust meet the requirements for registration of an aircraft in the United States, in that Calderon is a Mexican National and Chronos Airways SA DE CV is an entirely Mexican owned company."
- ". . . Santos exported the aircraft in violation of State and United States Law."

*See* Ex. B-1 at ¶ ¶5, 7, 10, 19. As such, Plaintiff's claims in this action clearly arise under federal law as apparent from the face of the Notice and Notice of Seizure and Affidavit of Beau Price attached thereto.[2]

      7.      Plaintiff's gross misinterpretation of federal law as it relates to the registration

---

[2] In two previous but strikingly similar cases removed to the Eastern District of Texas, the court overruled the State's motion for remand, and granted both motions to dismiss. In those initial cases, affiant Mr. Price made numerous references in his supporting affidavit to the federal questions arising from and implicated by the proceedings. Mr. Price and/or the State's counsel have removed such references to federal law in what appears to be an effort at salvaging the specious claims underlying the confiscatory efforts made by the State. Whether specifically referenced or not, these strikingly similar cases all center on federal law, including the occupation of the entire aircraft licensing and registration arena by the FAA, which various federal agencies and the State are seeking to invade without justification or excuse.

and operation of the Aircraft directly contradicts and is at odds with specific legal interpretations issued by FAA Aeronautical Center Central Region Counsel. Mr. Price clearly is not qualified to address such federal questions.

8. Federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F. 3d 334, 338 (5th Cir. 2008).

9. Because this Court has original jurisdiction, it also has supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

10. Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) because this district and division embrace the 133rd Judicial District Court of Harris County, Texas, the forum in which the removed action was pending.

## NOTICE

11. Concurrently with the filing of this Notice, Aircraft will file a copy of this Notice of Removal with the Clerk of the 133rd Judicial District Court of Harris County, Texas.

## EXHIBITS TO NOTICE OF REMOVAL

12. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A.    All executed process in this case;

    B.    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to

such pleadings;

      1.    Plaintiff's Notice of Seizure & Intended Forfeiture and Notice of Seizure of Beau Price

C.    All orders signed by the state judge;

D.    Docket sheet;

E.    An index of matters being filed; and

F.    A list of all counsel of record, including addresses, telephone numbers and parties represented.

## NON-WAIVER OF DEFENSES

13.    By removing this action from the 133rd District Court, Harris County, Texas, Respondent does not waive any defense available to it.

14.    By removing this action from the 133rd District Court, Harris County, Texas, Respondent does not admit any of the allegations in Plaintiff's Notice of Seizure and Intended Forfeiture.

## JURY DEMAND

15.    Respondent respectfully requests a trial by jury on all issues trial by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Respondent E.D. Santos and Associates, LLC, pursuant to the statutes cited herein, removes this action from the 133rd District Court, Harris County, Texas to this Court.

Dated: December 24, 2020

Respectfully submitted,

**COATS & EVANS, P.C.**

By:   **/s/*Gary L. Evans***
      Gary Linn Evans
      State Bar No. 00795338
      E-mail: evans@texasaviationlaw.com
      George Andrew Coats
      State Bar No. 00783846
      E-mail: coats@texasaviationlaw.com
      Post Office Box 130246
      The Woodlands, Texas 77393-0246
      (281) 367-7732 Telephone
      (281) 367-8003 Facsimile

**ATTORNEYS FOR RESPONDENT
E.D. SANTOS AND ASSOCIATES, LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that on December 24th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record. Should any counsel's email not be on file with the Clerk of Court, I certify that on December 24th, 2020, counsel will be served with the foregoing via email.

Angela Beavers
Assistant Criminal District Attorney
Harris County District Attorney's Office
500 Jefferson, Suite 600
Houston, TX 77002
Email: beavers_angela@dao.hctx.net
*Attorney for State of Texas*

                                       **/s/ *Gary L. Evans***
                                          Gary Linn Evans