UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § § | |
| V. | § § § | CIVIL ACTION NO.: 4:20-cv-4356 |
| ONE 1989 N323AA BRITISH AEROSPACE BAE 125 SERIES 800A, SN 258155, HAWKER AND ALL LOGS CERTIFICATES, RECORDS AND BOOKS AS LISTED IN PLAINTIFF'S NOTICE OF SEIZURE | § § § § § § § § | |

**DEFENDANT AND RESPONDENT E.D. SANTOS AND ASSOCIATES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, One 1989 N323AA British Aerospace BAE 125 Series 800A, SN 258155, Hawker and All Logs, Certificates and Books as Listed in Plaintiff's Notice of Seizure (hereinafter, the "Aircraft") and E.D. Santos and Associates, LLC (hereinafter, "Respondent") Owner-Trustee of the Aircraft (collectively, the "N323AA Parties"), who file this their Response in Opposition to Plaintiff State of Texas' ("Plaintiff" or the "State") Motion for Remand to State Court for Lack of Jurisdiction (the "Motion for Remand"), and in support thereof respectfully show the Court the following:

## I.   NATURE AND STAGE OF PROCEEDING

This case involves claims alleged by the State of Texas, erroneously and without any credible or legitimate supporting evidence, that the Aircraft is somehow "contraband", and is therefore subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure.

Defendant properly and timely filed its Notice of Removal on December 24, 2020, citing sufficient and proper grounds for removal of the State's forfeiture proceeding, originally filed in the 133rd Judicial District Court of Harris County, Texas on November 24, 2020. This action arises

under and presents substantial questions of law arising under federal jurisdiction, the resolution of which are substantial and necessary in deciding Plaintiff's claims against Defendant. Consequently, removal to the present court was completely proper and Plaintiff's Motion for Remand should be denied.

## II. STATEMENT OF FACTS

The Aircraft is registered with the FAA to a non-citizen trust (the "Trust Agreement") in the name of Respondent as Owner Trustee (the "Owner Trustee"). Under the Trust Agreement, Owner Trustee holds legal title to the Aircraft and Chronos Airways, LLC, a Delaware limited liability company, is the trustor and/or beneficiary (the "Beneficiary").

On or about December 26, 2018, the Aircraft was conveyed from Projets, Inc. ("Projets") to Respondent E.D. Santos and Associates, LLC, ("Santos & Associates"), a Delaware limited liability company. Under the Lease and Operating Agreement, Chronos Airways SA de CV ("Chronos Mexico"), a corporation based in Mexico, is the operator of the Aircraft.

The Aircraft was initially seized following its last flight into the Houston area on September 4, 2020 by BIS agent Geoffrey Flowers, based on the purported belief the shipment of the Aircraft to its final destination would result in a violation of the Export Administration Regulations (15 C.F.R., Parts 730-774) (the "EAR"). When BIS apparently decided it had no further use of the Aircraft, or reason to detain it, it immediately arranged for the State to confiscate the Aircraft. On October 26, 2020, the State seized the Aircraft and subsequently filed the State Court Action thereafter removed to this Court. On March 5, 2021, the State filed a Motion for Remand alleging the Court lacks jurisdiction over the subject matter of this action. Dkt. 8 at 1.[1]

---

[1] This is not a case of first impression in the federal district courts in Texas. As further discussed herein, the first two cases involving ***strikingly similar facts and allegations*** were filed in Polk County, Texas, and removed to the Eastern District of Texas. Motions to Remand were filed by the State in those cases, as were Motions to Dismiss filed by all respondents. The Hon. Judge Michael J. Truncale denied both of the State's Motions to Remand, and granted both of the respondents' Motions to Dismiss, dismissing the two first cases with prejudice.

### III.   ISSUES

The issues requiring resolution by the Court are set forth below:

1. Whether federal jurisdiction exists based on: i) the existence of substantial questions of federal law; and ii) the State's forfeiture proceeding arising under the laws of the United States.

### IV.   STANDARD OF REVIEW AND AUTHORITIES

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1408 (5th Cir. 1995). It is a basic rule of removal practice that when the removing party claims that a federal question exists, it *must* allege all facts essential to the existence of that federal claim. *Barrington v. Parker Bros. Empl. Ret. Fund*, 877 F. Supp. 358, 360 (S.D. Tex. 1995) (emphasis in original).

Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983).

Federal question exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F. 3d 334, 338 (5th Cir. 2008) (construing federal question jurisdiction standard in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

V.     ARGUMENT

A.     **Federal Question Jurisdiction Exists**

   **1. Substantial Question of Federal Law Exists**

The federal courts have jurisdiction over every action arising under federal law. 28 U.S.C. 1331. The Supreme Court has held that this "federal question" jurisdiction exists over state law causes of action predicated upon federal crimes. *Texas v. Approximately $3,551,510.67,* No. CIV.A.H-05-3918, 2006 WL 6584604, at *1 (S.D. Tex. Apr. 12, 2006). "We have often held that a case 'arose under' federal law when the vindication of a right under state law necessarily turned on some construction of federal law…" *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983)).

In *State of Texas v. Approximately $3,551,510.67*, the Court denied the State's motion for remand in a state law forfeiture action stemming from the respondent's alleged violations of Ch. 59 prohibiting money laundering. *Id.* In *State v. $3,551,510.67*, similar to the argument advanced in the State's Motion for Remand in this case, the State argued the only issued to be resolved was whether the money seized was contraband under state law and, therefore, subject to forfeiture. *Id.* The Court held, however, that because the state cannot prevail without establishing by a preponderance of the evidence that the seized money was intended to be used in the commission of a ***federal*** crime, jurisdiction existed in the Court. *Id.* [emphasis added]. The State now asserts the same identical argument in the present forfeiture proceeding. Thus, for the same reasons set forth in *State v. $3,551,510.67*, the Court should find that federal question jurisdiction is proper in this case and deny the State's Motion for Remand.

On October 23, 2020, Judge Michael J. Truncale signed an order denying a similarly filed motion to remand in a parallel case, *State of Texas v. Learjet 31A Bearing Serial Number 080 and*

*Assigned and Displaying Registration/Tail Number N260RC*, Case No. 9:20-cv-172 in the United States District Court, Eastern District of Texas, Lufkin Division (the "Lear Jet Eastern District case"). *See* Exhibit "A", Lear Jet Eastern District Order dated October 23, 2020, attached hereto and incorporated herein by reference. In the Lear Jet Eastern District case, the Court held that because all four elements of the test laid out in *Singh* were met, "federal question jurisdiction exists and the case will not be remanded for lack of subject matter jurisdiction." Ex. "A" at 4.

On November 16, 2020, during a hearing in another parallel case, one handled by the undersigned counsel, *State v. Cessna 560 Citation Jet Bearing Serial Number 560-0068 and Assigned and Displaying Registration/Tail Number N569LM*, Case No. 9:20-cv-175 (the "Cessna Eastern District case"), Judge Truncale reiterated the fact that federal issues predominate as to whether or not jets are properly registered under Federal Aviation Regulations. *See* Exhibit "B", Hearing Transcript dated November 16, 2020, attached hereto and incorporated herein by reference. Both of the foregoing cases were subsequently dismissed with prejudice.

Here, resolving a federal issue is necessary to resolution of the state-law claim. The State alleges the Aircraft is contraband under Chapter 59 based on its use in, or intended in for, the commission of federal felonies.[2] The N323AA Parties wholly dispute the State's allegation. As such, a substantial federal issue exists between the Parties. As the court held in the Eastern District case, state forfeiture actions raising a contested matter of federal law are rare, so exercising federal jurisdiction to resolve the genuine disagreement between the Parties will have little effect on the federal and state division of labor. *See* Ex. "A" at 4. All of the elements of the *Singh* test are satisfied, therefore federal question jurisdiction exists.

---

[2] A common and prominent feature in all of the cases brought by the State thus far is the support, or lack thereof, brought through affidavits of Polk County Constable Beau Price. As noted by Judge Truncale, Mr. Price's affidavits are essentially devoid of any facts that would amount to probable cause for the confiscation of the aircraft at issue, or in support of the attempted sale of the aircraft as "contraband".

The State's Motion for Remand includes several serious misinterpretations of federal law regarding remand of state law forfeiture action stemming from alleged violations of Chapter 59 of the Texas Code of Criminal Procedure. Specifically, the State asserts the following propositions:

- Federal law is not necessary to the State's asset forfeiture case. Dkt. 8 at 7.

- The only question to be decided in the state forfeiture action is whether the money seized is contraband as that term is defined under State law, specifically Chapter 59. Dkt. 8 at 7.

- The State's petition solely alleges state criminal law violations as the basis of the forfeiture proceeding and that the action is brought wholly as an enumerated offense under Chapter 59 of the Texas Code of Criminal Procedure. Dkt. 8 at 9.

- The State petition alleges violations completely independent of any federal law that would constitute money laundering, engaging in criminal activity, and securing the execution of a document by deception." Dkt. 8 at 9.

The State maintains that "[t]he notice of seizure, including a sworn statement, incorporated into the State's petition provides the factual basis of the suit alleging fraud, money laundering, and engaging in organized criminal activity. Dkt. 8 at 7. "Any reference made to federal law in the supporting sworn statement prepared by law enforcement was done to illustrate how the Respondents engaged in the state criminal offenses that were plead in the petition (*i.e.* money laundering, engaging in organized criminal activity, and/or tampering with a governmental record)." Dkt. 8 at 9. The State cannot prevail without establishing by a preponderance of the evidence that the Aircraft was intended to be used in the commission of a ***federal crime***. *See State v. $3,551,510.67*, 2006 WL 6584604, at *1 [emphasis added]. In fact, the State's Motion for Remand helps demonstrate the existence of federal question jurisdiction in this case as the State's claims do indeed arise under federal law, requiring the resolution of a substantial question of federal law, as set forth below:

- **Money Laundering:** Under Chapter 34 "criminal activity" means any offense, including any preparatory offense, that is classified as a felony under the laws of this state *or the United States*. *See* Tex. Pen. Code Ann. § 34.01(1)(A).

- **Engaging in Organized Criminal Activity:** An offense under Chapter 71 is committed when a person commits or conspires to commit any offense under Chapter 34 (money laundering). *See* Tex. Pen. Code. Ann. § 71.02(a)(10). As directly set forth above, a criminal activity under Chapter 34 includes felonies **under the laws of the United States**.

- **Securing the Execution of a Document by Deception:** Chapter 32 of the Texas Penal Code provides that a person commits the offense of securing the execution of a document by deception if, with intent to defraud or harm any person, he by deception:

    (1) causes another to sign or execute any document affecting property or service or the pecuniary interest of any person; or
    (2) causes or induces a public servant to file or record any purported judgment or other document purporting to memorialize or evidence an act, an order, a directive, or process of:
    (A) a purported court that is not expressly created or established under the **constitution or the laws** of this state or **of the United States**…"

    *See* Tex. Pen. Code. Ann. § 32.46(a) (emphasis added).

Each alleged Chapter 59 violation alleged in the State's Motion for Remand constitutes a ***federal felony*** and the State's forfeiture action stems from the commission of said federal felonies (without any actual factual support for the alleged crimes). Accordingly, the action arises under federal law and jurisdiction exists in federal court. In conformity with *State v. $3,551,510.67*, the N323AA Parties respectfully suggest the Court should find that federal question jurisdiction is proper in this case and deny the State's Motion for Remand.

Moreover, the State readily concedes that federal question jurisdiction exists in the following two types of cases—if it appears from the face of a well-pleaded complaint that the cause of action is created by federal law or if it establishes that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law. Dkt. 8 at 5. The State's assertion that its claims alleged in the Complaint giving rise to this litigation and subsequent removal do not arise under federal law are without merit. The well-pleaded complaint rule dictates that a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F. 2d 760, 764 (5th Cir. 1983). As set forth herein, the well-pleaded complaint rule is satisfied in this forfeiture action because the State's right to relief depends on the resolution of a substantial question of federal law, including the alleged violations of the Texas Code of Criminal Procedure occurring under the laws of the United States. Accordingly, federal question jurisdiction exists and the State's Motion for Remand should be denied.

The State's claims overwhelmingly arise from the laws of the United States. Specifically, the State alleges that fraudulent misrepresentations were made in documents provided to state and federal officials regarding the Aircraft. Dkt. 8 at 6. In consideration of the State's allegations, the Court must determine certain questions of federal law, *i.e.*, whether the Aircraft was owned and operated in violation of the Federal Aviation Regulations and other applicable federal aviation-related statutes.[3] A finding that the non-citizen trust is legal and valid, is necessary to dispute the State's claims that the Aircraft is "contraband" under Chapter 59 of the Texas Code of Criminal Procedure. Title 49 U.S.C. Chapter 441, supplemented by Parts 47 and 49 of the Federal Aviation Regulations, provides the basis for the present aircraft registration and recordation systems in the

---

[3] This aspect of these disputes also raises serious questions about an area of the law completely occupied by the Federal Aviation Administration, under which noncitizens have owned and operated aircraft of every ilk for many decades. While potentially outside the scope of the Motion to Remand, it should be noted that the efforts by the State certainly appear to be barred as a result of the Federal Aviation Administration completely occupying that legislative and statutory space. *Arizona v. United States*, 567 U.S. 387 (2012).

United States.[4] While non-US citizens are generally ineligible to register an aircraft in the United States, a trust with a US citizen trustee may register an aircraft even if the beneficiaries of the trust are non-US citizens (a "non-citizen trust"). 14 CFR § 47.7. The Federal Aviation Administration (the "FAA") clarified the policies and procedures for non-citizen trusts to register aircraft most recently in *Notice of Policy Clarification for the Registration of Aircraft to U.S. Citizen Trustees in Situations Involving Non U.S. Citizen Trustors and Beneficiaries*, 78 Fed. Reg. 36,412 (June 18, 2013) (the "FAA's Notice of Policy Clarification"). In accordance with such statutory, regulatory and policy authority, FAA counsel reviews each proposed trust arrangement before approving any application to register an aircraft to a non-citizen trust.[5]

The question whether the non-citizen trust was owned and operated legally is a necessary and substantial question of federal law. The registration of the Aircraft with the FAA was done in accordance with applicable Federal statutes and regulations, including 49 U.S.C. Chapter 441, 14 CFR § 47.7, and the FAA's Notice of Policy Clarification, and an opinion supporting the registration of the Aircraft in that manner was provided by the FAA Office of Legal Counsel. Contrary to the State's allegations, the Notice of Removal asserts that removal is based on claims arising under federal law and even explains specifically why the State's claims arise under federal law. Thus, removal of this case from state court to federal court is warranted and the State's Motion for Remand should be denied.

---

[4] The Federal Aviation Administration (the "FAA") has occupied the entire statutory and legislative space involving the registration and operation of aircraft for many decades. The State of Texas, in combination with the actions of a single Polk County Constable, and that of a Special Agent associated with the shadowy Bureau of Industry and Standards are seeking to destroy administrative regulations and requirements promulgated by the FAA under which thousands of aircraft are lawfully held in trust on the FAA registry, and operated all over the globe by noncitizen operators.

[5] It is highly improbable if not outright impossible to believe that FAA counsel would approve for filing a trust agreement and operating agreement specifically dedicated to the registration and operation of the Aircraft, if doing so would amount to the multiple alleged violations of state and federal law detailed in ¶ 22 of the Price Affidavit attached to Plaintiff's Notice of Seizure.

## VI. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** One 1989 N323AA British Aerospace BAE 125 Series 800A, SN 258155, Hawker and All Logs, Certificates and Books as Listed in Plaintiff's Notice of Seizure (the "Aircraft") and E.D. Santos and Associates, LLC ( "Respondent") Owner-Trustee of the Aircraft (collectively, the "N323AA Parties"),  pray that the Court deny Plaintiff's Motion for Remand, and that this Court grant any other and further relief, at law or in equity, to which they may be justly entitled.

Dated: March 18, 2021                    Respectfully submitted,

             **COATS & EVANS, P.C.**

            By:  <u>*/s/ Gary L. Evans*</u>
               Gary Linn Evans
               State Bar No. 00795338
               Email: evans@texasaviationlaw.com
               George Andrew Coats
               State Bar No. 00783846
               Email: coats@texasaviationlaw.com
               Post Office Box 130246
               The Woodlands, Texas 77393-0246
               Telephone: (281) 367-7732
               Facsimile: (281) 367-8003

            **ATTORNEYS FOR DEFENDANT AND RESPONDENT E.D. SANTOS AND ASSOCIATES, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

James Murphy
Email: murphy_james@dao.hctx.net
Angela Beavers
Email: beavers_angela@dao.hctx.net
Assistant Criminal District Attorney
Harris County District Attorney's Office
500 Jefferson, Suite 600
Houston, TX 77002
*Attorney for State of Texas*

                                            **/s/ *Gary L. Evans***
                                               Gary Linn Evans