\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | CASE NO. 9:20-CV-172 |
| | § | |
| v. | § | JUDGE MICHAEL TRUNCALE |
| | § | |
| LEARJET 31A BEARING SERIAL | § | |
| NUMBER 080 AND ASSIGNED AND | § | |
| DISPLAYING REGISTRATION/TAIL | § | |
| NUMBER N260RC | § | |
| | § | |
| | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Pending before the court is Plaintiff's Motion to Remand. (Doc. #5). Plaintiff seeks to have this case remanded to state court, alleging that the state court has continuing *in rem* jurisdiction, no diversity jurisdiction exists, the abstention doctrine necessitates remand, and there is no federal question jurisdiction. After considering the motion and arguments from the parties, the court denies Plaintiff's Motion to Remand. (Doc. #5).

### I. BACKGROUND

On July 14, 2020, Plaintiff, the State of Texas ("State"), filed a *Notice of Seizure and Intended Forfeiture* in the 411th District Court of Polk County, Texas seeking forfeiture of a Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC ("Learjet") (Doc. #2). The notice, based on a sworn affidavit of a law enforcement officer and filed by virtue of Chapter 59 of the Texas Code of Criminal Procedure, alleged that Learjet was contraband and is subject to forfeiture by virtue of it having been used in, intended to be used in, or acquired with the proceeds gained from the commission of a number of felony offenses under the Texas Penal Code. (Doc. #2). On August 13, 2020, Learjet removed the action to this court

1

asserting diversity and federal question jurisdiction. (Doc. #1). On September 2, 2020, the State filed a motion to remand. (Doc. #5). On October 21, 2020, the Court had a hearing on the motion to remand.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only hear a case when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Removal to federal court is proper when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has diversity subject matter jurisdiction over disputes between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The federal court has original federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. DISCUSSION

### A. Diversity Jurisdiction

In its notice of removal, Learjet alleges that the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and this

is an action between citizens of different states. However, it is well settled that a state is not a citizen for purposes of diversity jurisdiction. *See Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("a state is not a citizen. . . [and] a suit between a state and a citizen or a corporation of another state is not between citizens of different states"); *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction"); *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006) ("[I]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction"). Thus, because the state of Texas is not a citizen, this is not an action between citizens of different states and diversity jurisdiction does not exist.

### B. Federal Question Jurisdiction[1]

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over civil actions "arising under" federal law. 28 U.S.C. § 1331. A federal question exists "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "In other

---

[1] Although subject matter jurisdiction cannot be consented to, the Court does find it telling that in its response to Learjet's motion to dismiss, the State concludes that "subject matter jurisdiction exists in this case as a federal question exists and appears on the face of the [State's] complaint which sets forth a substantial, disputed question of federal law namely, the alleged violation of federal export law and certain Federal Aviation Administration registration requirements." (Doc. #10, at 12).

3

words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Here, as to the first element, the violation of state law the State alleges is predicated upon the State's assumption that Learjet violated federal export laws and various Federal Aviation Administration ("FAA") registration requirements. Stated differently, in order to determine if the State has authority to seize the Learjet, the court must first determine if federal laws were violated. Thus, resolving a federal issue is necessary to resolve the state-law claim. To the second element, the State claims Learjet violated federal export laws and FAA regulations; Learjet claims that it did not. Thus, the federal issue is actually disputed.

The third element, substantiality, looks to the importance of the issue to the federal system as a whole. *Gunn v. Minton*, 568 U.S. 251, 260 (2013). This element is met here because the interpretation of the federal export laws and FAA regulations involve important and substantial issues of federal law that sensibly belong in federal court and the federal court has an interest in ensuring those laws and regulations are consistently interpreted. Finally, because it is rare that a state forfeiture action raises a contested matter of federal law, exercising federal jurisdiction to resolve the genuine disagreement over federal export laws and FAA regulations will have little effect on the federal state division of labor. Therefore, because all four elements of the test laid out in *Singh* are met, federal question jurisdiction exists and the case will not be remanded for lack of subject matter jurisdiction. *See Grable & Sons*, 545 U.S. at 315 (holding that federal question jurisdiction existed because whether former owner received adequate notice from the IRS was an essential element of his claim, the meaning of the federal notice statute was actually disputed, its

meaning was an important federal tax law issue, and it was rare that a state title case would raise a contested matter of federal law).

### C. Continuing *in rem* Jurisdiction and the Abstention Doctrine

The Court does not disagree with the State that federal courts cannot seize and control property which is in the possession of state courts or that two *in rem* proceedings cannot proceed simultaneously. *See* Doc. #4, at 4, 9. However, neither of those situations are present here. The federal court is not trying to take possession of Learjet, nor has the United States brought its own *in rem* proceeding over Learjet. If the federal court ultimately decides in favor of the State, Learjet would still be forfeited to the State, not the federal government. This makes the case before the court factually dissimilar from *Palmer v. Texas*, 212 U.S. 118 (1909), which was cited by the State.

For similar reasons, the abstention doctrine is not applicable here and does not necessitate remand. Unlike the cases the State cites to, *Nationstar Mortg. v. Knox*, 351 F. App'x 844, and *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, here there are not two separate actions, one that was filed in state court and one that was filed in federal court. Here, there is one state court action that was removed to federal court; upon removal, there ceased to be a case in state court. Thus, because there is only one forfeiture action being litigated, the fact that this is an *in rem* action does not necessitate remand.

### IV. CONCLUSION

While no diversity jurisdiction exists because the State of Texas is not a citizen of any state for purposes of diversity jurisdiction, there is federal question jurisdiction because the action involves a substantial question of federal law. Consequently, the federal court has subject matter jurisdiction over this case. The State's Motion to Remand (Doc. #5) is therefore **DENIED.**

**SIGNED this 23rd day of October, 2020.**

Michael J. Truncale
United States District Judge