UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | |
| § | |
| V. § | CIVIL ACTION NO.: 4:20-cv-4356 |
| § | |
| ONE 1989 N323AA BRITISH § | |
| AEROSPACE BAE 125 SERIES 800A, § | |
| SN 258155, HAWKER AND ALL LOGS § | |
| CERTIFICATES, RECORDS AND § | |
| BOOKS AS LISTED IN PLAINTIFF'S § | |
| NOTICE OF SEIZURE § | |

**APPENDIX TO DEFENDANT AND RESPONDENT E.D. SANTOS AND ASSOCIATES, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT FOR LACK OF JURISDICTION**

## **CASES & AUTHORITIES**

1. *Texas v. Approximately $3,551,510.67,* No. CIV.A.H-05-3918, 2006 WL 6584604, (S.D. Tex. Apr. 12, 2006).

2006 WL 6584604
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Houston Division.

State of TEXAS, Plaintiff,
v.
APPROXIMATELY $3,551,510.67, Defendant.

Civil Action No. H–05–3918.
|
April 12, 2006.

**Attorneys and Law Firms**

Angela Jewel Beavers, Office of Harris County District Attorney, Kenneth Paul Mingledorff, Attorney at Law, Houston, TX.

Karen L. Morris, Office of Harris County District Attorney, Houston, TX, for Plaintiff.

*MEMORANDUM AND ORDER*

KEITH P. ELLISON, District Judge.

**\*1** Pending before the Court is Plaintiff's motion for remand to state court for want of subject matter jurisdiction. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 2, should be and hereby is **DENIED.**

This is a state law forfeiture action stemming from Respondent Thomas Martino's alleged violations of the Texas statute prohibiting money laundering. Martino removed the action to federal court on the ground that it involves a substantial federal question—namely, whether Martino committed the federal crime that serves as one element of the state offense of money laundering. The state argues that the only issue to be resolved in this case is whether the money seized is contraband under state law and, therefore, subject to forfeiture.

Whether the money constitutes contraband depends, however, upon whether Martino intended to use it in the commission of a federal crime. The Texas Code of Criminal Procedure defines "contraband" as "property of any nature, including real, personal, tangible, or intangible, that is ... used in the commission of ... any first or second degree felony under the Penal Code...." TEX.CODE CRIM. PROC. ANN. art. 59.01 (Vernon Supp.1989). The alleged state felony committed by Martino, in turn, is money laundering. The Texas Penal Code provides that a person commits money laundering when he:

> (1) acquires or maintains an interest in, conceals, possesses, transfers, or transports the proceeds of criminal activity;
>
> (2) conducts, supervises, or facilitates a transaction involving the proceeds of criminal activity;
>
> (3) invests, expends, or receives, or offers to invest, expend, or receive, the proceeds of criminal activity or funds that the person believes are the proceeds of criminal activity; or
>
> (4) finances or invests or intends to finance or invest funds that the person believes are intended to further the commission of criminal activity.

TEX. PEN.CODE ANN. § 34.02 (Vernon 2005). For the purposes of § 34.02, "criminal activity" means "any offense, including any preparatory offense, that is ... classified as a felony under the laws of this state *or the United States* ...." *Id.* § 34.01(1) (emphasis added). Here, the criminal activity is alleged to be the commission of a federal felony.

The federal courts have jurisdiction over every action arising under federal law. 28 U.S.C. § 1331. The Supreme Court has held that this "federal question" jurisdiction exists over state law causes of action predicated upon federal crimes. *See Franchise Tax Bd. v.,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law ...."). Because, in this case, the state cannot prevail without establishing by a preponderance of the evidence that Martino intended to use the seized money in the commission of a federal crime, jurisdiction exists in this Court. Plaintiff's motion to remand is, accordingly, **DENIED.**

**\*2** **IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 6584604

---

**End of Document**                                                                 © 2020 Thomson Reuters. No claim to original U.S. Government Works.