United States District Court
Southern District of Texas
**ENTERED**
May 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-4356 |
| | § | |
| ONE 1989 N323AA BRITISH AEROSPACE | § | |
| BAE 125 SERIES 800A, SN 258155, | § | |
| HAWKER AND ALL LOGS, CERTIFICATES | § | |
| AND BOOKS AS LISTED IN PLAINTIFFS | § | |
| NOTICE OF SEIZURE | § | |
| and | § | |
| E.D. SANTOS AND ASSOCIATES, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court are the defendant's, One 1989 N323AA British Aerospace BAE 125 Series 800A, SN 258155, Hawker and All Logs Certificates, Records and Books as listed in the Plaintiff's Notice of Seizure ("N323AA Parties"), motion to dismiss the plaintiff's, the State of Texas ("the State"), suit (DE 3), the State's response (DE 6), and the N323AA Parties' reply (DE 7). After a careful review of the motion, response and reply, the Court determines that the motion to dismiss should be Granted.

**II.**

*A.    The Plaintiff's Contentions*

This case presents a claim by the State that it is entitled to a judgment of forfeiture of a 1989 N323AA British Aerospace BAE 125 Series 800A, SN 258155, Hawker ("Aircraft") its logs, certificates and books. The State alleges that the Aircraft, along with its documentation, is contraband as defined by Article 59.01 of the State Code of Criminal Procedure in that it has

"been used in, intended to be used in, or acquired with the proceeds gained from the commission of a number of felony offenses under the Texas Penal Code."

Specifically, the State asserts that the Aircraft has been used in violation of:  (1) Chapter 34 of the Texas Penal Code (Money Laundering); (2) Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity); and (3) Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception).   The State further asserts that the N323AA Parties and operators of the Aircraft are:  E. D. Santos and Associates, LLC, ("Santos and Associates"), doing business in Texas, and which serves as Trustee of the Aircraft, Chronos Airways SA DE CV, a foreign corporation doing business in the State that serves as the Trustor; Guillermo "Memo" Calderon, an owner of the Aircraft and Martha Patricia Leon Enriquez, a possessor of the Aircraft.

Based on this configuration of possession, care and ownership of the Aircraft, the State, relying solely on statements of non-owners, and not crimes committed, asserts that:  (a) despite registration of the Aircraft in the name of Santos and Associates in the FAA registry, the true owner is Guillermo "Memo" Calderon; (b) the Aircraft "had" operated in Texas and was sold by Projects to Santos and Associates in 2018; (c) the N323AA Parties do not have a tax exemption certificate so as to avoid paying the taxes that Santos and Associates owes by acquiring an interest in the Aircraft.

Failing to pay those taxes constitutes an offense, the offense of  "Money Laundering." And, because the sale of the Aircraft does not show who the true owner(s) are, it was acquired by Santos and Associates in violation of the law, *i.e.,* "Securing the Execution of [the sales] Document by Deception.  "Finally, the State asserts that because three or more persons are involved, their conduct constitutes a conspiracy to commit the aforementioned criminal acts.

Hence, the Aircraft was used, or is being used in the commission of the offense of "Engaging in Organized Criminal Activity." These accusations appear to be based on the State's contention that the Aircraft actually belongs to a drug lord, Guillermo "Meme" Calderon, a non-citizen of the United States.

> B.    The N323AA Parties' Contentions

*The* N323AA Parties asserts that the State has failed to present "credible or legitimate supporting evidence" that the Aircraft, in question, is contraband and, thereby, subject to Chapter 59 of the Texas Code of Criminal Procedure. In this regard, the N323AA Parties assert: (a) there are no pleadings establishing a "substantial connection or nexus between the Aircraft and the alleged violations of Chapter 34 of the Texas Penal Code (Money Laundering)"; (b) "the State fails to prove a substantial connection or nexus between the Aircraft and the alleged violation of Chapter 71.02 of the Texas Penal Code (Engaging in Organized Criminal Activity)"; (c) "the State fails to prove a substantial connection or nexus between the Aircraft and the alleged violation of Chapter 32.46 of the Texas Penal Code (Securing the Execution of a Document by Deception)"; and, (d) the States fails to prove a substantial connection or nexus between the Aircraft and the alleged violation of Section 151.7032 of the Texas Penal Code (Failure to Pay Taxes)." Alternatively, the N323AA Parties, contend that under Fed. R. Civ. P., Rule 12(b)(6) , the Court should dismiss the State's case for lack of subject matter jurisdiction.

## IV.    UNCHALLENGE FACTS – CONFISCATION

In its motion to dismiss, the N323AA Parties assert that the Aircraft was "illicitly detained for several months by a government agency, the Bureau of Industry and Security ("BIS"). After that period of time, BIS released the Aircraft, not to its owners, but to the State of Texas. The State then filed a Notice of  Seizure and Intended Forfeiture. The N323AA Parties

undisputed pleadings show that the Aircraft is registered with the FAA as belonging to a non-citizen trust in the name of Santos and Associates, which holds legal title.  Chronos Airways, LLC., a Delaware entity, is the Trustor and/or beneficiary of the Trust, and the Aircraft has been exported from the United States.

## V.      MOTION TO DISMISS STANDARD

To warrant dismissal of a suit for lack of subject matter jurisdiction, pursuant to FRCP, Rule 12(b)(1), the movant must establish that Article III status is absent.  In doing so, the movant establishes that the claimant has not suffered an injury, in fact, that a sufficient causal connection exists between the injury and the conduct complained about, and there is a likelihood that the injury will be appropriately redressed by a favorable decision.  *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).   In this circumstance, the burden of proof rests on the claimant.  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 553 F.3d 321, 327 (5th Cir. 2008).

In considering a motion to dismiss, a court has the power to dismiss based on the complaint alone, or the complaint supplemented by undisputed facts*,* evidenced in the record, or the complaint supplemented by undisputed facts, plus the court's resolution of disputed facts. *Id.*, *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

When a motion to dismiss is based, alternatively, on FRCP 12(b)(6), the movant must establish that the claimant has stated a sufficient factual basis for the claim(s) asserted, that if accepted as true, states a claim to relief that is plausible on its face.  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).

## VI.     DISCUSSION AND ANALYSIS

The Court is of the opinion that the N323AA Parties' motion to dismiss based on FRCP 12(b)(6) is meritorious, and that it should be granted.  In a forfeiture proceeding, whether based

on a specific forfeiture statute, or on alleged violations of criminal law, or both, the burden rests on the State to establish that probable cause existed for seizing personal property.  Tex. Const. Art. 1 § 9 (1876).  Probable cause is "a reasonable belief that "a substantial connection exists between the property to be forfeited and the criminal activity defined by the state."  *Forty-Six Thousand Seven Hundred Dollars in U.S. Currency v. The State of Texas*, 730 S.W.2d 659 (Tex. 1987), (citing to *United States v. $364,960 in U.S. Currency*, 661 F.3d 319, 323 (5th Cir. 1981)).  Because no criminal activity is asserted against the defendants, beyond suspicion, probable cause is lacking.

Property is subject to forfeiture when it is determined to be contraband.  Tex. Code Crim. Proc., Art. 59.03(a).  It is contraband when the property is used or intended to be used in the commission of certain felonies or is purchased with proceeds derived from those felonies.  *Id.* at 59.01(2); *see also State v. Silver Chevrolet Pickup, VIN 1GCEC14T7YE257128,* 140 S.W.3d 691, 692 (Tex. 2004).  The Aircraft, the subject of this suit, is not contraband as there are no evidence that the Aircraft has been, or is being, used in criminal activities.

The pleading and the affidavit attached to the State's notice of seizure and forfeiture do not establish probable cause for the State's actions or its suit.  The affidavit simply states that the affiant officer "believes" that the Aircraft constitutes the proceeds of a felony offense.  In this regard, the Court understands the States' allegations to means that the Aircraft was purchased with proceeds derived from money laundering or proceeds from instances where the owners of the Aircraft have engaged in or intend to engage in organized crime activities.

Again, there is no evidence, beyond suspicion, stacked on suspicion, that the Aircraft was purchased with proceeds derived from criminal activities, or that, after the purchase, the Aircraft was either engaged in criminal activities or that its intended purpose was to so engage.  The

source of the Affiant's suspicions are persons who are not owners of the Aircraft and have personal knowledge that the Aircraft has been used or, that its intended use is criminal activities.

The Court also understands the State to assert that the documents constituting the purchase documents to be "product of deception," and prepared in such a way that the owner(s) have avoided or seek to avoid paying Texas taxes.  These allegations are not supported by criminal or civil cases on file in the United States.  Moreover, the pleading does not establish a substantial connection between the Aircraft, the titled owners, the State, or any scheme that violates Chapter 34 of the Penal Code.  Nor are the allegations based on search warrant(s) that disclose criminal conduct from which any proceeds were derived.  If the failure to pay taxes constitutes the criminal proceeds, the State has failed to establish that any taxes are due the State from any sale or use.

Speaking more specifically and to the point, the pleading and affidavit do not provide evidence of drug smuggling or aviation smuggling.  Yet, the affiant points to documentation that he asserts supports his suspicion that the Aircraft is the subject of criminal activities.  The record shows that the Aircraft was in the hands of federal authorities, the BIS, for a period of time.  Nevertheless, the federal government did not proceed against the Aircraft or its recorded owners.  Had there been evidence of the Aircraft's involvement in criminal activities or questionable ownership, registration and operations of the Aircraft, surely the federal government would not have released the Aircraft and would have canceled is FAA registration.

Concerning an illegal exportation, the State does not dispute that the Aircraft was not, before or at the time of seizure, the subject of exportation, or that exportation would be illegal.  Nor do the pleadings dispute the N323AA Parties' assertion that the Aircraft was conveyed by Projects, Inc., to Santos and Associates, a Delaware Company.  The State does not dispute that

the Aircraft is under lease with Chronos Airways, or that the Aircraft is registered with the FAA. It is, therefore, the exportation of the vehicle, without the payment of state taxes has not been established as due, that concerns the State.  It also appears that it is the "use" and/or sales taxes, suspected to be due, that constitutes the "offenses" claimed by the State.  Therefore, the Aircraft is not contraband.

There are no credible pleadings or evidence linking the Aircraft to the any money laundering, organized crime or false documentation scheme.  Moreover, there is no evidence, beyond mere suspicion, that the state of Texas is owed taxes, or that the Aircraft is being, or will be, exported for sale, and somehow deprive the State of sales taxes.  Because there is no evidence showing a substantial connection between the alleged statutory violations and the Aircraft, dismissal is warranted.

It is ORDERED that the State's suit for seizure and forfeiture is Dismissed with prejudice, pursuant to FRCP 12(b)(1) and 12(b)(6).  The Aircraft is ORDERED released.

It is so ORDERED.

SIGNED on this 4th day of May, 2021.

Kenneth M. Hoyt
United States District Judge